FILED

2017 Jul-19  AM 08:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **AMANDA J. ECKL,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **3:17-cv-0051-AKK** |
| **LAUDERDALE COUNTY BOARD** | ) | |
| **OF EDUCATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Amanda J. Eckl, Jessica L. VanDerVelde, and Angela C. West bring this gender discrimination complaint against the Lauderdale County Board of Education, former Superintendent Jennifer Gray, and current Superintendent Jonathan Hatton, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). *See generally* doc. 1. The court has for consideration Defendants' motion to dismiss, doc. 8, which is fully briefed, docs. 9; 13; 14, and ripe for review. For the reasons stated below, Defendants' motion, doc. 8, is due to be denied.

## I.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.      FACTUAL BACKGROUND[1]

Eckl, VanDerVelde, and West are female employees of the Lauderdale County Board of Education's Business/Accounting Department. Doc. 1 at 3–4, 6. The Board, a separate entity from the Superintendent of Education, acts as an agent of the Superintendent. *Id.* at 4. The Board exercises its authority through the Superintendent and is responsible for the hiring and compensation of all employees upon written recommendation of the Superintendent. *Id.* at 4. This means that, pursuant to Alabama law, "the Board is responsible for establishing and maintaining a written salary schedule for each class and type of employee, including Plaintiffs." *Id.* at 4.

From January 2013 to December 2016, Jennifer Gray served as the Superintendent of Lauderdale County Schools and Jonathan Hatton assumed the office in January 2017. *Id.* at 4–5. The Superintendent has the authority to nominate individuals to the Board for employment. *Id.* at 4. This includes the authority to recommend job titles and pay scales for all employees. *Id.* at 4–5.

From May 2008 through September 2016, the Business/Accounting Department was comprised of the three plaintiffs and one male (Mark Collier). All four reported to the Chief School Financial Officer. *Id.* at 6. All four had

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the "facts" here are taken directly from the complaint, doc 1.

"Bachelor's degrees in a business related field," *id.*, and were all "collectively and equally responsible for maintaining the business and accounting duties and responsibilities for the entire Lauderdale County School District," *id.* However, Eckl (hired in 1999), VanDerVelde (hired in 2006), and West (hired in 2006), *id.* at 3–4, were classified as "Account Clerk, Associates in Business," and Collier had "the unique title" of "Accounting Specialist I, Bachelor's Degree," *id.* at 7. Although Plaintiffs had "the same or substantially similar" job duties and tasks, *id.*, the difference in titles resulted in Collier making approximately $26,000 more than the highest paid plaintiff. *Id.* at 11–12.

After Plaintiffs filed a charge with the Equal Employment Opportunity Commission, the Board created three new job titles requiring bachelor's degrees in a business related field, called "Accounts Specialist," "Benefits Specialist," and "Payroll Specialist." *Id.* at 9–11. The Board asked Plaintiffs to resign from their previous positions and reapply for the three newly-created ones. *Id.* Plaintiffs complied, and, in their new roles, they received salaries within a slightly higher pay range ($19.29 per hour ($34,725 per year) to $21.79 per hour ($39,225 per year)), which is still significantly less than Collier's salary. *Id.* Their new salaries are also "roughly equivalent to the compensation paid to the Assistant Superintendent's secretary and less than the compensation paid to the Superintendent's secretary, positions for which no advanced education is

4

required." *Id.* Plaintiffs believe the Board created these new roles and pay rates to retaliate against them for the filing of their EEOC charges.

## II.   ANALYSIS[2]

Defendants move to dismiss on two grounds: (1) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); and (2) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The court will discuss these contentions below.

### A. Service of Process

Based on Fed. R. Civ. P. 5(b)(1),[3] Defendants contend that Plaintiffs should have served the complaint and summons on their counsel, James Irby. Doc. 9 at 12–13. However, Rule 5(b)(1) does not apply to the initial summons and complaint. Instead, initial service is governed by Rule 4 through which Plaintiffs properly served the individual defendants directly, *see* docs. 3 at 2–3; 5 at 1; 6 at 1;

---

[2] Plaintiffs incorrectly state that Defendants have prematurely filed a motion for summary judgment by filing extrinsic evidentiary documents with its motion to dismiss pursuant to Fed. R. Civ. P. 12(d). *See* doc. 13 at 3–4. Fed. R. Civ. P. 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, here, as to Exhibits 2–4, docs. 9-2; 9-3; 9-4, the extrinsic evidentiary documents filed by Defendants address only the matter brought regarding the issue of alleged insufficient service pursuant to Fed. R. Civ. P. 12(b)(5), not Rules 12(b)(6) or 12(c). The court will not consider Exhibit 1 — two vacancy notices regarding the Plaintiffs' positions at the Board, doc. 9-1 — which Defendants present in support of their Rule 12(b)(6) motion. As such, the court will not convert the motion to dismiss into a motion for summary judgment.

[3] Defendants incorrectly cite to Fed. R. Civ. P. 4(b)(1), which does not exist. Doc. 9 at 12. However, based on the language cited in the brief, it appears Defendants meant to cite to the service requirements in Fed. R. Civ. P. 5(b)(1), which states that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

9-2 at 1; 9-4 at 1, and in the case of the Board, through the Superintendent who is the Board's "executive officer" and "secretary," *see* Ala. Code § 16-8-7; Fed. R. Civ. P. 4(j)(2) (to properly serve the Board, Plaintiffs must "deliver[] a copy of the summons and of the complaint to its chief executive officer," or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."). For these reasons, the motion to dismiss based on the alleged improper service is due to be denied.

## B. Failure to State a Claim

Defendants contend next that Plaintiffs insufficiently plead a claim under the Equal Pay Act (Count II), and that the gender discrimination claims (Count I) are an impermissible "shotgun pleading."

### 1. Alleged Insufficient Pleading of Count II

In Count II, Plaintiffs "adopt and reallege each and every allegation contained in this Complaint as if set out anew herein," and plead that "Defendants discriminated against Plaintiffs on the basis of gender by compensating them at a rate less than that of male employees for equal work on the job, the performance of which required equal skill, education, effort, and responsibility, and which were performed under similar working conditions." Doc. 1 at 15. Defendants contend that Count II "is clearly a bare bones recitation of the elements alleging violation of the Equal Pay Act, with labels and conclusions, and a formulaic recitation of

the elements." Doc. 9 at 16. A review of the complaint, including the general section of the complaint that Plaintiffs adopt in Count II, belies Defendants' contentions. Relevant here, Plaintiffs plead that although Defendant classified them differently than their male colleague, they hold the same qualifications as this colleague and perform the same duties. Doc. 1 at 6. Despite these same duties and responsibilities, Defendants paid their male colleague significantly more — "at least $26,145 more per year than Ms. Eckl . . . [and] Ms. VanDerVelde," and "at least $26,674 more per year than Ms. West." *Id.* at 11–12. Based on these allegations, Plaintiffs have alleged more "than mere labels and conclusions" and their allegations, when "accepted as true . . . state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678.

### 2. Alleged Impermissible "Shotgun Pleading" of Count I

Defendants contend that Count I "fails to specifically state numerous facts needed for a thorough answer and response," including "the specific job duties and responsibilities each Plaintiff alleges she performs on the Board's behalf." *See* doc. 9 at 17–18. Typically, a shotgun pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Such a pleading requires the trial

court to sift out irrelevant facts, "a task that can be quite onerous." *Id.* Here, however, despite Count I incorporating "every allegation contained in this Complaint as if set out anew herein," doc. 1 at 13–14, each of the incorporated facts in this two count complaint is relevant to the alleged gender discrimination count pleaded in Count I. In fact, the complaint sufficiently outlines a *prima facie* case of sex discrimination under Title VII — *i.e.*, that Defendants purportedly created a unique title for Collier, paid him significantly more even though he performed the same responsibilities as Plaintiffs, and failed to address the disparities despite Plaintiffs' complaints. *See generally* doc. 1; *see also id.* at 13. These facts are sufficient to place Defendants on notice about the alleged misconduct that is the basis for this lawsuit and to survive a motion to dismiss.

## III.   CONCLUSION AND ORDER

For the aforementioned reasons, Defendants' motion to dismiss, doc. 8, is **DENIED**.

**DONE** the 18th day of July, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE